UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MARK D. STETSON,

          Plaintiff,          Case No. 1:25-cv-1116

v.                                Honorable Phillip J. Green

KALAMAZOO COUNTY JAIL,

          Defendant.
_____/

## OPINION

This is a civil rights action under 42 U.S.C. § 1983 brought by an inmate of the Kalamazoo County Jail. In a separate order, the Court has granted Plaintiff's motion (ECF No. 6) for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 7, PageID.41.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the

named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

2

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendant has not yet been served, the undersigned concludes that it is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way that it is not a party who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

(1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's amended complaint for failure to state a claim.

<u>Discussion</u>

**I.     Factual Allegations**

Plaintiff is presently incarcerated in the Kalamazoo County Jail in Kalamazoo, Michigan. The events about which he complains occurred at that facility. In his amended complaint, Plaintiff sues the Kalamazoo County Jail. (Am. Compl., ECF No. 6, PageID.36.)

Plaintiff alleges that he has been housed at the Kalamazoo County Jail without recreation, fresh air every day, or sunlight, and has been continuously exposed to halogen lights. (*Id.*, PageID.40.) Plaintiff also states that the "defendant is involved directly through being the admin of the jail and have [sic] control over all movement in jail, denying or providing plaintiffs for rec., or fresh air." (*Id.*) He seeks compensation "for every day being incarcerated [without] proper fresh air or sunlight." (*Id.*, PageID.41.)

**II.    Failure to State a Claim**

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft*

4

*v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

5

Here, Plaintiff names only the Kalamazoo County Jail as a Defendant. However, the Kalamazoo County Jail is a building that houses inmates; it is not a person and it "is not a legal entity susceptible to suit." *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002); *see also Goldman v. Kalamazoo Cnty. Jail*, No. 1:16-cv-359, 2016 WL 3180043, at *2 (W.D. Mich. June 8, 2016) (collecting cases that hold a local jail is not a person subject to suit under § 1983). For that reason alone, Plaintiff cannot state a claim against the Kalamazoo County Jail.

Moreover, to the extent that Plaintiff seeks to name all members of the Jail's staff, the Court notes it is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–61 (2007) (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim); *see also Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights). Any "[s]ummary reference to a single, five-headed 'Defendants' [or staff] does not support a reasonable inference that each Defendant is liable . . . ." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citation omitted).

Even if Plaintiff had named a proper Defendant, he fails to state a claim under § 1983. Plaintiff alleges that he has been denied fresh air and sunlight. For convicted prisoners, Plaintiff's claims would implicate the protections of the Eighth Amendment; however, for pretrial detainees, Plaintiff's protection arises under the Fourteenth Amendment. Based upon the limited factual allegations of the complaint,

6

it is unclear whether Plaintiff was a pretrial detainee or a convicted prisoner at the time of the events described in the amended complaint.

Until recently, the Sixth Circuit "analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Greene v. Crawford Cnty.*, 22 F.4th 593, 605 (6th Cir. 2022) (quoting *Brawner v. Scott Cnty.*, 14 F.4th 585, 591 (6th Cir. 2021)). However, in 2015, the Supreme Court differentiated the standard for excessive force claims brought by pretrial detainees under the Fourteenth Amendment's Due Process Clause from those brought by convicted prisoners under the Eighth Amendment. *See Kingsley v. Hendrickson*, 576 U.S. 389 (2015). *Kingsley* left unanswered the question of "whether an objective standard applies in other Fourteenth Amendment pretrial-detainment contexts." *Brawner*, 14 F.4th at 592.

Subsequently, in *Brawner*, the Sixth Circuit modified the second prong of the deliberate indifference test applied to pretrial detainees to require only recklessness. *Id.* at 592, 596. At issue in *Brawner* was a pretrial detainee's claim for deliberate indifference to medical needs. The Sixth Circuit held that to demonstrate deliberate indifference, "[a] pretrial detainee must prove 'more than negligence but less than subjective intent—something akin to reckless disregard.'" *Id.* at 596 (quoting *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)). He or she must prove that the defendant acted "deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id.* (citation and quotation marks omitted).

7

*Brawner*, however, "left the [objective] prong untouched." *Hyman v. Lewis*, 27 F.4th 1233, 1237 (6th Cir. 2022). Under that prong, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth [or Fourteenth] Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam). "[R]outine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Consequently, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.* "To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In sum, the Constitution prohibits conditions of confinement which constitute serious threats to health or safety but does not provide a remedy for those conditions which merely result in annoyance or discomfort.

Although "[t]he Sixth Circuit, applying Supreme Court precedent, has recognized that outdoor recreation, in some undefined form and amount, is necessary for inmates' well-being," *Jones v. Stine*, 843 F. Supp. 1186, 1193 (W.D. Mich. 1994) (citing *Walker v. Mintzes*, 771 F.2d 920, 927–28 (6th Cir. 1985)), there is no applicable precedent requiring any minimum amount of outdoor recreation for prisoners. *See Argue v. Hofmeyer*, 80 F. App'x. 427, 430 (6th Cir. 2003) (observing that the Sixth Circuit has never set a minimum amount of outdoor time for inmates). Rather, "a total or near-total deprivation of exercise or recreational opportunity, without

penological justification," impinges on an inmate's constitutional rights because "[i]nmates require regular exercise to maintain reasonably good physical and psychological health." *Rodgers v. Jabe*, 43 F.3d 1082, 1086 (6th Cir. 1995) (quoting *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983)).

Here, Plaintiff vaguely references "no recreation" without providing any further explanation or facts. Under these circumstances, Plaintiff does not provide the Court with *facts* that show a total or near total deprivation of recreational opportunities. Indeed, Plaintiff fails to provide the Court with any facts that would describe the nature of the alleged deprivation of fresh air or sunlight, and he does not provide the Court with facts that would suggest that the way(s) in which Plaintiff was deprived of fresh air or sunlight created a substantial risk of serious harm to Plaintiff's health or safety.

Accordingly, for each of the foregoing reasons, the Court will dismiss Plaintiff's amended complaint for failure to state a claim.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed without prejudice for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on

appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.


Dated:  October 31, 2025   /s/ Phillip J. Green
  PHILLIP J. GREEN
  United States Magistrate Judge